O’NIELL, J.
The plaintiff and defendants are the heirs at law of Mrs. Apoline Hotard Rizan, deceased. Plaintiff is her only sur *839 viving daughter, and the two defendants are her only surviving sons. The object of the suit, originally, was to annul as a simulation or disguised donation a sale of real estate made by Mrs. Rizan to her son Rene, and to compel the codefendant, Pierre Rizan, to pay to plaintiff her share of an indebtedness alleged to be due by him to the succession. On the original trial, the'district court rendered judgment in favor of the defendants, rejecting plaintiff’s demands. On appeal to this court, the judgment in favor of Pierre Rizan was reversed, and judgment was then rendered against him for $1,417.77, with legal interest from judicial demand. The judgment in favor of Rene Rizan was also set aside, and the suit against him was remanded to the district court for the hearing of certain testimony which had been excluded on the first trial. See Rizan v. Rizan et al., 139 La. 364, 71 South. 581. The suit against Rene Rizan having been tried again in the district court, judgment was rendered against him, declaring the sale made by his mother to him a fraudulent simulation or disguised donation, and ordering the property returned to the succession of his mother, from which judgment Rene Rizan prosecutes this appeal.
The testimony which was excluded on the original trial, and heard on the second trial, of the suit against Rene Rizan, was the testimony of the plaintiff, relating what hex-mother had told her after making the sale to Rene Rizan, and only about two weeks before her death. The statement of plaintiff’s mother was that, immediately after she had signed the deed and the notary public and witnesses had left the room, she, at the request of her son Rene, returned to him, the $1,000 which he had paid her in cash as the purchase price of the property. Ordinarily such evidence might not be sufficient to sustain a judgment annulling an authentic act of sale. But the testimony in this case is corroborated by circumstances which would seem very mysterious, were it not for the explanation furnished by the statement attributed to the deceased. She lived in the home with her son Rene from a date prior to the sale to the date of her death. The sale was made there, and she died there. She was an elderly lady, of modest wants and humble manner of living, and no one ever knew of her having spent or deposited in bank or elsewhere any considerable sum of money after having made the sale to her son. No one ever saw the money, or any part of it, in her possession after the sale was made; nor was any money found in her possession after her death. In the light of these circumstances, we agree with the conclusion of the district judge upon the question of fact.
The judgment appealed from is affirmed at appellants’ cost.